UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DELTA SMELT CASES, <br><br> SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, *et al.* v. SALAZAR, *et al.* (Case No. 1:09-cv-407) <br><br> STATE WATER CONTRACTORS v. SALAZAR, *et al.* (Case No. 1:09-cv-422) <br><br> COALITION FOR A SUSTAINABLE DELTA, *et al.* v. UNITED STATES FISH AND WILDLIFE SERVICE, *et al.* (Case No. 1:09-cv-480) <br><br> METROPOLITAN WATER DISTRICT v. UNITED STATES FISH AND WILDLIFE SERVICE, *et al.* (Case No. 1:09-cv-631) <br><br> STEWART & JASPER ORCHARDS, *et al.* v. UNITED STATES FISH AND WILDLIFE SERVICE, *et al.* (Case No. 1:09-cv-892) | 1:09-cv-407 OWW GSA <br> 1:09-cv-422 OWW GSA <br> 1:09-cv-631 OWW GSA <br> 1:09-cv-892 OWW GSA <br> PARTIALLY CONSOLIDATED <br> WITH: 1:09-cv-480 OWW GSA <br><br> **ORDER RE 706 EXPERT(S)** <br><br><br> Date:   October 2, 2009 <br> Time:   1:30 p.m. <br> Ctrm:   3 <br> Judge:  Hon. Oliver W. Wanger |

On October 2, 2009, the Court heard the parties' submissions, as ordered by the Court, concerning the appointment of a Federal Rule of Evidence 706 expert(s) by the Court. Plaintiffs, along with California Department of Water Resources and Lester Snow, Director, California Department of Water Resources ("DWR"), supported the appointment of a 706 expert and jointly nominated three individuals for the Court's consideration. Doc. # 267, 268. Federal Defendants and Defendant-Intervenors opposed the appointment of a 706 expert, but Federal Defendants nominated one individual, and Defendant-Intervenors nominated two individuals, for the Court's consideration if the Court elected to appoint a 706 expert. Doc. # 266, 269. Plaintiffs and DWR raised specific objections to the nominees of the Federal Defendants and Defendant-Intervenors on the ground that, inter alia, each of those individuals was disqualified for bias and conflict of interest by virtue of their extensive prior involvement in the academic or agency Bay-Delta research community. Doc. # 310, 311, 312. Federal Defendants and Defendant-Intervenors did not raise specific objections to the individuals nominated by Plaintiffs and DWR, but continued to oppose the appointment of any 706 expert. Doc. # 307, 308.

The Court has fully considered the briefs, evidence, and oral arguments submitted by the parties, and good cause appearing therefore, THE COURT HEREBY ORDERS:

1. The Court conditionally finds that appointment of a 706 expert(s) would be helpful to the Court and is appropriate in light of the complex technical and scientific matters that are central to this case. The Court will make a final determination on the appointment of a 706 expert(s) after it has reviewed declarations submitted by the parties' experts, as authorized by the Court.

2. By October 14, 2009, the parties shall propose a 706 expert(s), or inform the Court that they cannot reach agreement. If the parties cannot reach agreement, Plaintiffs and DWR, as one "side," and Federal Defendants and Defendant-Intervenors, as the other "side," shall each present three nominations to the Court, also by October 14, 2009.

PDF created with pdfFactory trial version www.pdffactory.com

1

2

3   Dated: October 8, 2009                    /s/ OLIVER W. WANGER
                                              OLIVER W. WANGER
4                                             U.S. District Court Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28